UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
ERIC J. DUARTE,               )
        Plaintiff,            )
                              )    Civil Action No.
        v.                    )    23-11725-NMG
                              )
DANIELLE FRANE, et al.,       )
        Defendants.           )
                              )
```

## ORDER

**GORTON, J.**

    On August 16, 2024, the Court issued an order in which it directed the Clerk to issue summonses and ordered plaintiff Eric J. Duarte, who was a pretrial detainee confined at Bridgewater State Hospital, to complete service within 90 days. (Docket # 43). The Court stated in the same order that service had to be effected in accordance with Rule 4 of the Federal Rules of Civil Procedure, and that service by mail was insufficient. The Court also warned Duarte that failure to timely complete service could result in dismissal of the action. The Court stated that, because Duarte was proceeding in forma pauperis he could ask the United States Marshals Service to complete service with all costs of service to be paid by the United States.

    There is no record on the docket of this case that service of the summonses has been executed. The Court has not received any documentation from the USMS that it effected service for

this action.  A Clerk contacted the USMS to inquire regarding this issue and was informed that, although the agency had received documents from Duarte for service in other cases, it had not received documents for this action.

Accordingly, the Court hereby ORDERS Duarte to show good cause, within twenty-eight (28) days, why this action should not be dismissed for failure to complete service.  Failure to do so will result in dismissal of this action.

The motions for joinder (Docket ## 58, 64) are DENIED.[1]

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: February 25, 2026

---

[1] The Court notes that, on several occasions, Duarte has complained about the collection of the fees for actions filed in this Court.  See, e.g., Docket # 72.  Duarte is responsible for paying the $350 statutory filing fee for each case in which he has been allowed to proceed in forma pauperis.  After the initial partial filing fee is paid, "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  28 U.S.C. § 1915(b)(2).  When a prisoner has pending filing fee obligations in more than one case, he is obliged to pay "20 percent of the preceding month's income" simultaneously for each case in which he has an outstanding filing fee obligation.  See Bruce v. Samuels, 577 U.S. 82, 89-91 (2016).