UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERIC J. DUARTE, Plaintiff, | ) | |
| v. | ) | Civil Action No. 23-11725-NMG |
| DANIELLE FRANE, et al., Defendants. | ) | |

**ORDER**

**GORTON, J.**

For the reasons set forth below, the Court will dismiss this case for failure to complete service of process.

On August 16, 2024, the Court issued an order in which it directed the Clerk to issue summonses for the defendants named in the amended complaint filed by pro se litigant Eric Duarte, who was, at the time, confined at Bridgewater State Hospital ("BSH") as a pretrial detainee. (Docket # 43). The Court directed Duarte to complete service of the summons and amended complaint within 90 days of the date the summons issued.

The Court further directed that service had to be made in accordance with Rule 4 of the Federal Rules of Civil Procedure and forewarned Duarte that failure to complete service timely could result in dismissal of the action. The Court stated that, because Duarte was proceeding in forma pauperis he could ask the United States Marshals Service ("USMS") to complete service with

all costs of service to be paid by the United States, provided that he submit to the USMS all documents for service and a completed USM-285 for each defendant. The summonses issued on August 22, 2024. (Docket # 46).

Since that time, not a single return receipt for service of process has been filed on the docket of this Court. Between September 4, 2024 and February 5, 2026, Duarte filed 26 documents in this case, the relevance of which was not always clear. (Docket ## 48-74). On February 25, 2026, the Court issued an order requiring Duarte to show good cause why the action should not be dismissed for failure to complete service in accordance with Rule 4 of the Federal Rules of Civil Procedure. The Court noted that the USMS had reported to a court clerk that it had never received papers for service in this action. (Docket # 74).

In response to the February 25, 2026 order, Duarte filed two documents in which he represented that, on September 16, 2024, he placed in the mail at BSH an envelope addressed to the USMS the summonses, paper for service, and a completed USM-285 form for each defendant. He asserts that either BSH employees did not mail the papers out, or that the USMS received the papers and did not serve them. (Docket ## 76, 77).

Under the Federal Rules of Civil Procedure, if a plaintiff shows "good cause" for failure to timely complete service, the

"court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, even considering his pro se status, Duarte has not shown "good cause" why he has not completed service of summonses that issued on August 22, 2024. Any failure of BSH employees or the USMS to mail or serve papers purportedly delivered to them more than one year ago does not excuse the lack of service at this late date. As the plaintiff in this case, it was Duarte's responsibility to ensure that service of process was completed. At a minimum, once the 90-day service period closed in November 2024 without receipt of any record of service, Duarte should have prosecuted his case by asking the Court for additional time to complete service. He did not do so.

Even if Duarte erroneously assumed that service had been completed, he did nothing to prosecute his claim, despite innumerable filings. Having received no response from the defendants to the amended complaint, he should have moved for default, at which point he would have learned that service had not been completed.

Accordingly, the Court directs that this action be **DISMISSED** without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: September 11, 2026